# TOWN OF WINCHENDON

## SEPARATION AGREEMENT AND GENERAL RELEASE

**THIS AGREEMENT** ("Agreement"), made by and among TOWN OF WINCHENDON ("Town"), William Geoffroy ("Employee") and IBPO Local 538 ("Union"), witnesses that:

**WHEREAS,** Employee has been employed by Town as a sworn police officer and or sergeant; and

**WHEREAS,** the position held by Employee is in a bargaining unit represented by Union; and

**WHEREAS,** Employee wishes to retire through the Worcester Regional Retirement System from his position of Sergeant; and

**WHEREAS,** Town wishes to accept Employee's retirement.

**NOW, THEREFORE,** in consideration of the terms and conditions of this Agreement and in an effort to avoid litigation and bring a close to any and all past, present or future disputes among them regarding the matters addressed herein, Town, Employee and Union agree as follows:

1. **Resignation/Retirement**. Employee resigns his position with Town for the sole purpose of retirement through the Worcester Regional Retirement System, and Town accepts Employee's resignation/retirement, effective April 21, 2012 ("Separation Date"). From October 24, 2011, through the Separation Date, Employee shall remain out of work on paid leave using his accrued sick leave for this purpose; provided, Employee will have no authority (or obligation) to fulfill the duties of his position of Police Sergeant, to include working details with Town or any other jurisdiction, and provided further Employee will not be allowed on Town's premises, except in his capacity as a private citizen.

2. **Accrued Time**. Pursuant to the terms of the collective bargaining agreement the Employee shall be paid for all accrued, but unused vacation time and/or sick time, if any, less all lawful withholdings and deductions, as of Separation Date.

3.   __Neutral Reference__.  Town agrees to provide Employee a neutral reference, stating only dates of employment and position held.

4.   __Town Property__.  Employee certifies that he has returned to Town all property of Town.

5.   __Confidentiality__.  Town, Employee and Union agree the terms and conditions of this Agreement and the contents of the negotiations and discussions resulting in this Agreement shall be maintained as confidential by them and none of the above shall be disclosed, except to the extent required by federal or state law or as otherwise agreed by the parties.  Notwithstanding the immediately preceding sentence, Employee may disclose the terms and conditions of this Agreement to his immediate family members, agents, legal and financial advisors and representatives provided he does so confidentially.  Further, the parties shall make no public comment regarding his employment or his separation from employment or the reasons therefore.

6.   __Protection of Town's Good Name__.  Employee agrees he will not in any way disparage or harm the name of Town, its present or former Town Managers, Police Chief, the Police Lieutenant and any other boards, officials, employees, agents and attorneys, in either their personal or official capacities.  Employee understands that doing so will constitute a material breach of this Agreement.

7.   __Protection of Employee's Good Name__.  Town, which for the purposes of this Section 7 only shall be limited to the present and/or future Town Manager, the Police Chief, the Police Lieutenant  and Town's attorneys, in either their personal or official capacities, agrees it will not in any way disparage or harm the name of Employee.

8.   __Acknowledgment__.  Town, Employee and Union acknowledge any violation of the provisions set forth in Sections 5, 6, or 7 above will constitute a material breach of this Agreement, and that, upon such breach, the obligations of the parties will cease immediately.

9.   __Waiver and Release__.  In exchange for the consideration contained herein, Employee and his representatives, agents, estate, heirs, successors and assigns, absolutely and unconditionally hereby release, remise, discharge, indemnify and hold harmless Town, and its Town Manager, Police Chief, Police Lieutenant, officials, employees, agents and attorneys, whether directly or

2

indirectly, and whether individually or in their official capacities (collectively, the "Releasees"), from any and all debts, actions or causes of action, suits, claims, complaints, contracts, liabilities, agreements, promises, torts, debts, damages, controversies, judgments, rights and demands, whether existing or contingent, known or unknown, suspected or unsuspected, both in law and in equity (collectively, "claims"), which Employee has, or ever had, against the Releasees through the date of execution of this Agreement, in connection with his employment, and/or separation from employment, with Town.

Employee intends this release to be all encompassing and to act as a full and total release of any claims, whether specifically enumerated herein or not, that he has or ever had against the Releasees arising from conduct occurring up to and through the date of this Agreement, including, but not limited to, any claims arising from any federal, state or local law, regulation or constitution dealing with either employment, employment benefits or employment discrimination, such as those laws or regulations concerning discrimination on the basis of race, color, creed, religion, age (including any claim under the Age Discrimination in Employment Act), sex, sexual harassment, sexual orientation, national origin, ancestry, genetic carrier status, handicap or disability, veteran status, any military service or application for military service, or any other category protected under federal or state law; any contract, whether oral or written, express or implied, including but not limited to the Collective Bargaining Agreement between Town and Union applicable to Employee's position; and any other claim arising out of, or otherwise related to, his employment, or separation from employment, with the Town.

Employee not only releases and discharges the Releasees from any and all claims as stated above that he could make on his own behalf or on behalf of others, but also those claims that might be made by any other person or organization on his behalf including, but not limited to Union, and he specifically waives any right to recover any damage awards as an individual or as a member of any class in a case in which any claim(s) against the Releasees are made involving any matters.

Employee acknowledges he may later discover facts different from, or in addition to, what he now knows to be true for matters released in this Agreement. Notwithstanding any such different or additional facts, Employee agrees this Agreement will remain in effect as to all claims released under the Agreement.

3

The recitation of specific claims in the second and third paragraphs of this Section is without prejudice to the general release in the first paragraph of this Section and is not intended to limit the scope of the general release.

*This Release does not apply to any claims arising solely after the execution of this Agreement or to any claims arising from a breach of this Agreement.*

Notwithstanding the foregoing, nothing in this Agreement shall bar or prohibit Employee from contacting, filing a charge or complaint with, seeking assistance from or participating in any proceeding before any federal or state administrative agency, including but not limited to the Equal Employment Opportunity Commission, to the extent permitted by applicable federal, state and/or local law. Employee understands and agrees, however, she will be prohibited to the fullest extent authorized by law from obtaining monetary damages or other personal relief in any such agency proceeding in which she so participates, including any proceeding in which claims resolved by the terms of this Agreement may be further adjudicated.

10.   **Waiver and Release by Union.**  In further exchange for the consideration provided to Employee herein, Union hereby releases any and all claims and waives any and all rights to file or assert an unfair labor practice pursuant to Massachusetts General Laws Chapter 150E and/or a grievance and appeal to arbitration under the Collective Bargaining Agreement between it and Town in connection with Employee's employment, and/or separation from employment, with Town.

11.   **Release by Town.**     Town agrees that it will not file any cause of action against the Employee.

12.   **Review, Revocation and Effective Date.**

(a) *Review.*  Employee understands that he may have twenty-one (21) days in which to review this Agreement prior to signing it, but may waive all or part of the review period, if he chooses.

(b) *Revocation.*  Employee understands further that, once he has signed this Agreement, he has seven (7) days in which to revoke it.  Employee understands that such seven-day

4

revocation period is mandatory and may not be waived, and that the Agreement does not become effective or enforceable until such seven-day revocation period has expired.

(c) **Effective Date**. The Effective Date of this Agreement will be the eighth day after Employee signs it. If Employee does not notify the Town, in writing, within the seven-day revocation period that he is exercising his right of revocation, the Agreement will automatically become effective as of the Effective Date.

13.    **Right to Consult Attorney**. Employee acknowledges that by this Agreement he has been advised, in writing, to consult legal counsel regarding this Agreement prior to signing it, and that to the extent she has wished to avail himself of that right, he has done so.

14.    **No Admission of Liability**. The parties acknowledge that Town's acts of accepting Employee's resignation and entering into this Agreement do not constitute any statement or admission by the Town or its agents of any liability, or that it engaged in any wrongdoing, or violated any state or federal law.

15.    **Completeness of Agreement**. This Agreement contains all the terms and conditions agreed upon by the parties with reference to the subject matters contained in the Agreement. No other agreement will be deemed to exist or to bind either of the parties to this Agreement. No representative of any party to this Agreement had or has any authority to make any representation or promise not contained in this Agreement, and each of the parties to this Agreement acknowledge that such party has not executed this Agreement in reliance upon any such representation or promise. This Agreement cannot be modified, except by a written instrument signed by both parties.

16.    **Severability**. If any portion or provision of this Agreement is held unconstitutional, invalid, or unenforceable, the remainder of the Agreement will be deemed severable, will not be affected, and will remain in full force and effect. The language of all the parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party.

17.    **Voluntary Execution**. Employee acknowledges that he has read this Agreement and understands it, and that she is entering into it voluntarily.

5

18.   **Interpretation of Agreement**. This Agreement will be interpreted and construed for all purposes under the laws of the Commonwealth of Massachusetts without giving effect to the principles of conflicts of laws of the Commonwealth.  All disputes arising under or out of this Agreement will be brought in courts of competent jurisdiction located within the Commonwealth of Massachusetts.

EXECUTED as a sealed instrument.

EMPLOYEE

William Geoffroy

Date: _10-24-1_

TOWN OF WINCHENDON

James M. Kreidler, Jr.
Town Manager
Date: _10 24 11_

IBPO Local 538

Date: _10-24-11_

6

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

On _October 24th_, 20 _11_, before me, the undersigned notary public, personally appeared _William Geoffroy_ (the "Principal") and acknowledged to me that the Principal signed the preceding or attached document voluntarily for its stated purpose. The Principal proved to me through satisfactory evidence of identification that the Principal is the person whose name is signed on the preceding or attached document. The satisfactory evidence of identification provided to me was:

☑ A current document issued by a federal or state government agency bearing the photographic image of the Principal's face and signature; or

☐ On the oath or affirmation of a credible witness unaffected by the document or transaction who is personally known to the notary public and who personally knows the Principal; or

☐ Identification of the Principal based on the notary public's personal knowledge of the identity of the Principal; or

☐ The following evidence of identification: _____

_Jenneller Skorzynski_
Notary Public

Printed Name: _Jenneller Skorzynski_

My Commission Expires: _5·5·2017_

*[Seal]*

7